UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: | CASE NO. 13-20078 |
| TEDDY DEAN FRYE<br>&<br>NANCY RUTH FRYE, | CHAPTER 7 |
| | JUDGE FRANK W. VOLK |
| Debtors. | |
| ROBERT L. JOHNS,<br>Chapter 7 Trustee, | ADVERSARY PROCEEDING NO.<br>2:13-2006 |
| Plaintiff, | |
| v. | |
| SHANE FRYE and<br>CRYSTAL FRYE, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Pending is Chapter 7 Trustee Robert L. Johns' motion for summary judgment, filed October 1, 2015.

This is a core proceeding pursuant to 28 U.S.C. § 157. The Court is vested with subject jurisdiction pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

I.

The Court takes the facts in the light most favorable to Mr. Johns in view of Shane and Crystal Frye's failure to respond to the instant motion, as more fully discussed *infra*. *See Robinson v. Wix Filtration Corp.*, 599 F.2d 403, 409 n.8 (4th Cir. 2010) ("[I]n considering a motion

for summary judgment, the . . . court 'must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.'") (emphasis in original).

On February 13, 2013, Debtors Teddy and Nancy Frye petitioned for relief under Chapter 7. Following an investigation, Mr. Johns learned that Teddy and Nancy Frye transferred a piece of real property located in the Town of Greenville, Triadelphia District, Logan County, West Virginia and a motor vehicle (a 2007 Chevrolet Silverado) to Shane and Crystal Frye. Mr. Johns contends that the real property has a value of $9,600 and that the motor vehicle has a value of $9,816. The transfers were made to, or for the benefit of, Shane and Crystal Frye. Shane Frye is the son of Teddy and Nancy Frye.[1]  Crystal Frye is the daughter-in-law of Teddy and Nancy Frye.

The real property was deeded to Shane and Crystal Frye on July 7, 2011. The deed was recorded May 11, 2012, in the office of the Clerk of the County Commission of Logan County, West Virginia. Shane and Crystal Frye paid $10 to Teddy and Nancy Frye for the property. Therefore, Shane and Crystal Frye provided little to no value for title to the real property. Likewise, Teddy and Nancy Frye did not receive reasonably equivalent value in exchange. At the time of the transfer Teddy and Nancy Frye were insolvent or were rendered insolvent as the result of the transfer.

The motor vehicle was transferred to Shane and Crystal Frye on August 1, 2012. Teddy and Nancy Frye received nothing in exchange for the transfer. Therefore, Shane and Crystal Frye provided no value for title to the motor vehicle. Likewise, Teddy and Nancy Frye did not

---

[1] In his motion for summary judgment, Mr. Johns states that Shane and Crystal Frye are insiders because they are "Debtor's son and daughter-in-law." The Court interprets the use of the singular "Debtor's" to be a typographical error.

receive reasonably equivalent value in exchange. At the time of the transfer Teddy and Nancy Frye were insolvent or were rendered insolvent as the result of the transfer.

On March 27, 2013, Mr. Johns instituted this action against Shane and Crystal Frye. Shane and Crystal Frye did not file an answer. However, on November 20, 2013, Mr. Johns filed a motion to approve compromise. On December 5, 2014, the Court entered the agreed order on the motion to approve compromise. The agreed order 1) found that the transfer of the real property for no consideration or value was voidable; 2) found that the real property was an asset of the estate; 3) approved the compromise between Shane and Crystal Frye and Mr. Johns; and 4) dismissed the adversary proceeding with prejudice.

Shane and Crystal Frye, however, did not perform under the compromise. So, upon request of Mr. Johns, the case was reopened. Later Mr. Johns moved for summary judgment. Shane and Crystal Frye did not respond to Mr. Johns' motion for summary judgment. On December 4, 2015, the Court vacated the dismissal of the adversary proceeding (but declined to vacate any other part of the order) and sent to Shane and Crystal Frye a notice respecting the nature of Mr. Johns' motion, the right to respond to the same by December 21, 2015, and the fact that failure to do so would be deemed "a representation" on Shane and Crystal Frye's part that they did "not object to the relief sought by Mr. Johns and that judgment may be entered against . . . [Shane and Crystal Frye] accordingly." (Not. at 1); *see Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). No response has been received.

Mr. Johns seeks both to avoid the transfers of the real property and motor vehicle to Shane and Crystal Frye and to recover from Shane and Crystal Frye the value of those transfers, pursuant to the West Virginia Uniform Fraudulent Transfers Act ("WVUFTA"), West Virginia Code section 40-1A-4 and the Bankruptcy Code at 11 U.S.C. §§ 544, 548, and 550. Mr. Johns

contends that the transfers were fraudulent, and so may properly be recovered for the benefit of the Estate.  The matter is ripe for disposition.

## II.

### A.  Governing Standard

Federal Rule of Civil Procedure 56, made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7056, authorizes summary judgment only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c), Fed. R. Bankr. P. 7056.  The moving party bears the burden. *Emmett v. Johnson*, 532 F.2d 291, 297 (4th Cir. 2008) ("When a party has submitted sufficient evidence to support its request for summary judgment, *the burden shifts to the nonmoving party . . . .*") (emphasis added); *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315 (4th Cir. 1993).  Once the moving party has made a prima facie showing of its right to judgment as a matter of law, the nonmoving party must go beyond the pleadings and demonstrate that there is a genuine issue of material fact which precludes summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

### B.  Law and Analysis

Title 11 U.S.C. § 544(b)(1) provides pertinently as follows respecting Mr. Johns' authority herein:

> [T]he trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title . . . .

11 U.S.C. § 544(b)(1). Respecting the "applicable law" requirement, the WVUFTA makes

transfers by debtors "fraudulent if made under certain circumstances." *Rich v. Rich*, 185 W. Va.

148, 150, 405 S.E.2d 858, 860 (1991). The WVUFTA provides that a creditor may prove that a

transfer was fraudulent by showing that the debtor acted with actual intent to hinder, delay or

defraud a creditor. *Nicholas Loan & Mortgage, Inc. v. W.Va. Coal Co-Op, Inc.*, 209 W. Va. 296,

301, 547 S.E.2d 234, 239 (2001). West Virginia Code section 40-1A-4(a) provides an additional

avenue for recovery as follows:

> (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor,
> whether the creditor's claim arose before or after the transfer was made or the
> obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> . . . .
>
> (2) Without receiving a reasonably equivalent value in exchange for the
> transfer or obligation and the debtor:
>
>> (i) Was engaged or was about to engage in a business or a transaction
>> for which the remaining assets of the debtor were unreasonably
>> small in relation to the business or transaction; or
>>
>> (ii) Intended to incur, or believed or reasonably should have
>> believed that he (or she) would incur, debts beyond his (or her)
>> ability to pay as they became due.

W. Va. Code § 40-1A-4(a). The WVUFTA defines the key terms. A transfer is "every mode,

direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting

with an asset or an interest in an asset, and includes payment of money, release, lease and

creation of a lien or other encumbrance." *Id.* § 40–1A–1(*l*). An asset is the property of a debtor,

except, *inter alia*, property encumbered by a valid lien. *Id.* §§ 40–1A1(b). A transfer can only

occur after the debtor acquires rights in the asset transferred. *Id.* § 40–1A–6(d).

West Virginia Code section 40-1A-4(b) contains factors to aid the Court in assessing the defendant's intent. The factors found there "'include[] most of the badges of fraud that have been recognized by the courts [.]'" *Nicholas Loan & Mortgage, Inc. v. W.Va. Coal Co-Op, Inc.*, 209 W. Va. 296, 301-02, 547 S.E.2d 234, 239-40 (2001) (quoting *Uniform Fraudulent Transfers Act,* § 4, cmt. (5)):

(1) The transfer or obligation was to an insider;

(2) The debtor retained possession or control of the property transferred after the transfer;

(3) The transfer or obligation was disclosed or concealed;

(4) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;

(5) The transfer was of substantially all the debtor's assets;

(6) The debtor absconded;

(7) The debtor removed or concealed assets;

(8) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

(9) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

(10) The transfer occurred shortly before or shortly after a substantial debt was incurred; and

(11) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

W. Va. Code § 40-1A-4(b).

The Court additionally notes the terms of 11 U.S.C. § 548(b), which provide pertinently as follows:

(a)(1) The trustee may avoid any transfer . . . of an interest of the debtor in property
. . . that was made . . . on or within 2 years before the date of the filing of the
petition, if the debtor voluntarily or involuntarily--
. . . .

received less than a reasonably equivalent value in exchange for such transfer
or obligation; and . . .

was insolvent on the date that such transfer was made or such
obligation was incurred, or became insolvent as a result of such
transfer or obligation . . . .

11 U.S.C. § 548(b).

Inasmuch as Shane and Crystal Frye have not countered the facts offered by Mr. Johns, the Court accepts as undisputed that the transfers here were to insiders, Teddy and Nancy Frye's son and daughter-in-law. Equally without dispute is the fact that Teddy and Nancy Frye were insolvent at the time of the transfers or, alternatively, that the transfers rendered them insolvent. Inasmuch as it is further undisputed that Teddy and Nancy Frye received little to no consideration in return for the transferred property, it is clear that they did not receive reasonably equivalent value in exchange for the transfers and, in light of their insolvency, reasonably should have believed that the loss of these considerable assets would cause them to incur debts beyond their ability to pay as debts became due.

In view of these undisputed facts, the Court concludes that Mr. Johns is entitled to judgment as a matter of law under the referenced provisions of the WVUFTA, section 548(a)(1)(B), and 544(b).

### III.

Based upon the foregoing discussion, it is, accordingly, **ORDERED** as follows in this action:

1. That Mr. Johns' motion for summary judgment be, and hereby is, **GRANTED**; and

2. That Mr. Johns be, and hereby is, directed to submit, on or before January 15, 2016, a proposed judgment order electing between the avoidance of the transfers of the real property and motor vehicle to Shane and Crystal Frye, or as against Shane and Crystal Frye, a judgment in the amount of $19,416 (representing the value of the transfers).[2]

The Clerk shall transmit a copy of this written opinion and order to the parties and their counsel, if any, and the United States Trustee.

DATED: December 31, 2015

Frank W. Volk
United States Bankruptcy Judge

---

[2] It may be the case that one or more so-called "*Stern* claims" are here at issue. Such claims are described as those "designated for final adjudication in the bankruptcy court as a statutory matter, but prohibited from proceeding in that way as a constitutional matter." *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2170 (2014). Under such circumstances, the Court would ordinarily be prevented from entering final judgment under *Stern v. Marshall*, 131 S. Ct. 2594 (2011).

To the extent such claims are present, the Court is prepared to conclude Shane and Crystal Frye have impliedly, but knowingly and voluntarily, consented to entry of final judgment by the bankruptcy court. In the notice recently transmitted to them by the Court, Shane and Crystal Frye were explicitly advised that their failure to respond to the summary judgment motion would result in judgment being entered against them. They nevertheless failed to respond. The attribution of implied consent is thus appropriate. *See Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1941-42 (2015). In any event, the failure by Shane and Crystal Frye to object to the proposed judgment order within ten days of its filing would be conclusive on the matter of consent.